UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE DARLENE HILL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00583-CDB  (SS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER REMANDING THIS MATTER FOR FURTHER PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)**<br><br>(Doc. 15) |

On April 4, 2021, Plaintiff Kellie Darlene Hill ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act. This matter is currently before the Court on the parties' briefs which were submitted without oral argument (Docs. 15-17), and the parties have consented to the jurisdiction of a U.S. magistrate judge. (Doc. 20). After reviewing the record the Court finds that the ALJ's decision is not supported by substantial evidence and applicable law. Plaintiff's appeal therefore is granted.

/ / /
/ / /

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff filed an application for a period of disability and disability insurance benefits on June 7, 2018, alleging disability commencing August 12, 2015. (Administrative Record "AR" 111). The Commissioner denied the claims by initial determination on October 9, 2018 (AR 112), and then again upon reconsideration on December 26, 2018. (AR 122). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge, which was conducted on July 20, 2020. (AR 19-36). Plaintiff appeared and testified at the hearing via telephone. (AR 22). Plaintiff was represented by a non-attorney representative. In addition, Bruce Magnuson, an impartial vocational expert ("VE"), testified at the hearing. (AR 22).

Plaintiff requested that the Appeals Council review the decision rendered by the ALJ, and that request was denied on October 9, 2020. (AR 7-13). Plaintiff exhausted her administrative remedies and brought the final decision of the Commissioner for this Court's review. 42 U.S.C. § 405(g).

The ALJ engaged in the five-step sequential evaluation process for determining whether an individual is disabled under 20 C.F.R. § 404.1520(a)(4)(i-v). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 12, 2015, the alleged onset date. (AR 24). At step two, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine status post fusion and revisions, left trochanteric bursitis, neurogenic bladder, and obesity were severe impairments. (AR 25). However, the ALJ found that Plaintiff's medically determinable impairments ("MDI") of depression and anxiety were not severe. *Id*. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

The ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that she has the capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). The ALJ's RFC

---

[1] The Court has reviewed the relevant portions of the administrative record including the medical, opinion and testimonial evidence about which the parties are well informed, which will not be exhaustively summarized below. Relevant portions will be referenced in the course of the analysis below when relevant to the parties' arguments.

assessment is as follows:

> [S]he is limited to lifting and carrying 10 pounds occasionally and less than 10 pounds frequently.  She can sit for approximately six hours in an eight hour day and can stand and walk for approximately two hours in an eight hour day.  She can occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds.  She can occasionally balance, stoop, crouch, kneel, and crawl.  She can tolerate occasional exposure to extreme cold and should never work around unprotected heights and dangerous moving machinery.

In his decision, the ALJ noted that Plaintiff testified about her back pain, which he described as constant and rated to a level between "five and seven" on a numeric scale from one to ten. (AR 27).  The ALJ noted Plaintiff's testimony characterizing her back pain as "significant" and "constant." *Id.*  Plaintiff also testified that she is limited in her ability to stand, walk, and sit for long periods of time. *Id*.  Plaintiff testified that she spends most of her day in bed reading or watching television. *Id*.  Plaintiff does have a driver's license, but she limits the amount she drives because her "legs do not cooperate." *Id*.  Rather, she only makes short trips to locations including the grocery store, her doctor's appointments, and the pharmacy.

Plaintiff further testified that she is able to dress and bathe herself, but sometimes lacks the desire to get out of bed. According to Plaintiff, she occasionally is able to prepare meals and cleans up after herself but is unable to do most household chores because of her constant pain. *Id*.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  (AR 27).  However, the ALJ also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "are not entirely consistent with the medical evidence and other evidence in the record."  (AR 27-28).  Therefore, the ALJ found that Plaintiff's symptoms affect her ability to work only to the extent that they "can reasonably be accepted as consistent with the objective medical and other evidence."  (AR 28).

At step five, the ALJ found that Plaintiff can perform past relevant work as an escrow officer/mortgage closing clerk.  The ALJ agreed with the VE's testimony that despite the limitations set forth in Plaintiff's RFC, she is capable of returning to her past relevant work. (AR 31).

**STANDARD OF LAW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five. At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is

5

1  capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  In

2  making this determination, the Commissioner must also consider vocational factors such as the

3  claimant's age, education and past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the

4  claimant is capable of adjusting to other work, the Commissioner must find that the claimant is

5  not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work,

6  analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.

7  20 C.F.R. § 416.920(g)(1).

8  The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*,

9  180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the

10  Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such

11  work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran*

12  *v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ANALYSIS

14  Plaintiff advances a single issue for review in this Court: that the ALJ failed to provide

15  clear and convincing reasons for rejecting Plaintiff's testimony about her inability to sit for long

16  periods.  (Doc. 15 at 4).

17  "In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ

18  must engage in a two-step analysis."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)

19  (citation omitted). The ALJ must first determine whether the claimant has presented objective

20  medical evidence of an underlying impairment which could reasonably be expected to cause the

21  severity of the symptoms the claimant alleges.  *Id*. The claimant does not need to show that her

22  impairment "could reasonably be expected to cause the severity of the symptom she has alleged;

23  she need only show that it could reasonably have caused some degree of the symptom."  *Id*.

24  (quotation and citation omitted).  If the claimant meets this first step, and there is no evidence of

25  malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms

26  if the ALJ gives "specific, clear and convincing reasons" for the rejection.[2] *Id*. (quotation and

---

[2] To preserve its position for any potential appeal, the Commissioner contends that the "clear and convincing reasons" standard is inconsistent with the substantial evidence standard under 42 U.S.C. § 405 (g). (Doc. 16 p. 8 n.2). As the Acting Commissioner acknowledges, this Court is bound by Ninth Circuit

1 citation omitted).

2 The ALJ may consider numerous factors in weighing a claimant's credibility, including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). In evaluating the credibility of symptom testimony, the ALJ must also consider the factors identified in Social Security Ruling (SSR) 16-3P.[3] *Id*. (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)). *Accord Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1226 (9th Cir. 2009). These factors include:

> (1) Daily activities; (2) The location, duration, frequency, and intensity of pain or other symptoms; (3) Factors that precipitate and aggravate the symptoms; (4) The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P at *7. *See* 20 C.F.R. § 404.1529(c)(3). If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing. *Tommasetti*, 533 F.3d at 1039 (citations and internal quotation marks omitted).

The clear and convincing standard is "not an easy requirement to meet," as it is "'the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). "A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible

---

precedent. *Id*. Accordingly, the Acting Commissioner's position is noted, and consistent with Ninth Circuit precedent, this Court rejects the Acting Commissioner's contention that a lesser standard of review applies.

[3] *Smolen* cites to SSR 88-13, which has since been superseded by SSR 16-3P (available at 2017 WL 5180304). *See Amy E.S. v. Commissioner*, 2022 WL 92939, at *9 n.4 (D. Or. Jan. 10, 2022).

grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

"The fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). *See also* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability solely because the objective medical evidence does not substantiate your statements."). Rather, where a claimant's symptom testimony is not fully substantiated by the objective medical record, the ALJ must provide additional reasons for discounting the testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). "The ALJ must specify what testimony is not credible and identify the evidence that undermines the claimant's complaints – '[g]eneral findings are insufficient.'" *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988)).

However, the medical evidence "is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Court of Appeals has distinguished testimony that is "uncorroborated" by the medical evidence from testimony that is "contradicted" by the medical records, and concluded that contradictions with the medical records, by themselves, are enough to meet the clear and convincing standard. *Hairston v. Saul*, 827 Fed. Appx. 772, 773 (9th Cir. 2020) (quoting *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008)).

Here, the ALJ acknowledged Plaintiff's testimony characterizing her back pain as "significant" and "constant." The ALJ rated Plaintiff's pain to a level between "five and seven" on a numeric scale from one to ten. (AR 27). The ALJ then concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "are not entirely consistent with the medical evidence and other evidence in the record." (AR 27-28). Thereafter, the ALJ noted in his decision certain medical records, opinions and diagnoses he found or inferred were inconsistent with the severity of Plaintiff's asserted pain – but it is not clear what, if any, "other evidence" (particularly, nonmedical evidence) the ALJ relied upon for his conclusion.

1    The Commissioner asserts that the ALJ found the prior administrative findings of State agency physicians Dr. Dale and Dr. Khong to be partially persuasive. (AR 29-30). Dr. Dale and Dr. Khong both found that Plaintiff can sit for six hours in an eight-hour workday (AR 91, 107). The Commissioner argues that by partially adopting Dr. Dale and Dr. Khong's testimony in his medical review, the ALJ implicitly adopted their conclusions that Plaintiff could sit for six hours during an eight-hour workday with normal breaks. (Doc. 16 p. 9).

Likewise, the Commissioner points to the ALJ's rejection of Donald Daniels, PA-C's assessments. (AR 30). The ALJ found that Mr. Daniels' opinion was not internally consistent as he indicated that Plaintiff is restricted to less than two hours of sitting, standing, and walking in an eight-hour day, but also indicated that Plaintiff could do those activities for at least six hours. (AR 622, 628).

The Court construes the Commissioner's argument to be that, since the ALJ partially adopted Drs. Dale and Khong's medical opinions and rejected Mr. Daniels' testimony, it can be inferred the ALJ also rejected Plaintiff's testimony about her limited ability to sit long periods.

However, the "clear and convincing" standard is not satisfied through reasonable inferences that may be drawn from the ALJ's decision following a search of the record. *Brown-Hunter*, 806 F.3d at 494. Rather, the ALJ must identify the testimony that was not credible and *link* that testimony to the evidence that undermines the claimant's complaints. *Id.*; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014); *Reddick*, 157 F.3d at 722; *Holcomb v. Saul*, 832 Fed. Appx. 505, 506 (9th Cir. 2020) (finding that although the Court can infer the ALJ's reasoning by examining the weight assigned to particular evidence, the Court cannot substitute its conclusions for the ALJ's or speculate as to the ALJ's reasoning).

The Commissioner contends that since the ALJ considered Plaintiff's activities of daily living at step two of the sequential evaluation, that evaluation provides a basis to uphold the ALJ's rejection at step four of Plaintiff's testimony regarding her inability to sit. (AR 25). However, Plaintiff persuasively counters that the ALJ's assessment of activities of daily living was conducted in the context of Plaintiff's' alleged mental impairments, which are not at issue in this case. (Doc. 17 at 4). Indeed, the ALJ noted that "[t]he limitations identified in the

9

'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments . . ." (AR 25).  Thus, the ALJ expressly rejected the notion that his review of Plaintiff's activities of daily living for paragraph B purposes amounted to an RFC.  Accordingly, the Commissioner's argument is unavailing.

The Commissioner's argument that Plaintiff's treatment records document difficulty sitting only prior to the August 12, 2015, alleged date of disability is likewise unconvincing. (Doc. 16 at 9).  These observations now offered by the Commissioner were not part of the ALJ's decision, and the Court's review is limited to the reasoning and factual findings offered by the ALJ, not post-hoc explanations that attempt to "intuit what the adjudicator may have been thinking." *Bray*, 554 F.3d at 1125-26.

The Commissioner also argues the ALJ did not actually assess Plaintiff's "credibility." (Doc. 16 at 7).  Although the ALJ did not expressly articulate a credibility finding, he did find that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "are not entirely consistent with the medical evidence and other evidence in the record." (AR 27-28).  Thus, the ALJ discounted at least some of Plaintiff's testimony concerning the severity of her pain because he found it inconsistent with other record evidence.  Accordingly, the ALJ was required to give "specific, clear and convincing reasons" for the rejection (*Vasquez*, 572 F.3d at 591) that could not rest solely on the medical evidence in the record. *Burch*, 400 F.3d at 680; *Vertigan*, 260 F.3d at 1049.

Since the ALJ failed to articulate clear and convincing reasons supported by substantial evidence, the ALJ's credibility determination cannot be upheld. "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination,' . . .or if despite the legal error, 'the agency's path may be reasonably discerned.'" *Brown-Hunter*, 806 F.3d at 494 (quoting *Treichler*, 775 F.3d at 1099).  *E.g.*, *Anthony v. Kijakazi*, No. 1:21-cv-01604-SKO, 2023 WL 3737072, at *12 (E.D. Cal. May 31, 2023).  Here, the ALJ's error is not harmless because his RFC determination must account for and reconcile Plaintiff's testimony concerning the severity of her pain and its impact on her historical and future ability to engage in gainful activity.

Accordingly, the Court will order the matter remanded for the ALJ to re-evaluate the

evidence and set forth findings supported by substantial evidence. *McKenzie v. Kijakazi*, No. 1:20-cv-0327-JLT, 2021 WL 4279015, at *17 (E.D. Cal. Sept. 21, 2021) ("The matter may be remanded further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony.") (citing *Bunnell*, 947 F.2d at 348).

## CONCLUSION AND ORDER

Because the Court finds that the ALJ's decision is not supported by substantial evidence as to Plaintiff's testimony about her inability to sit for long periods, it is **HEREBY ORDERED** the ALJ's decision is VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order.

The Clerk of this Court is **DIRECTED** to enter judgment in favor of Plaintiff Kellie Darlene Hill and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **July 27, 2023**                                       _____
                                                                 UNITED STATES MAGISTRATE JUDGE